## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re: | ) |
| | ) |
| **315 FRANKLIN, LLC,** | )    Case No. 17-00512-SMT |
| | ) |
| Debtor in possession. | )    (Chapter 11) |
| | ) |

### DEBTOR'S APPLICATION TO EMPLOY
### HIRSCHLER FLEISCHER AS BANKRUPTCY COUNSEL

315 Franklin, LLC, the debtor and debtor-in-possession (the "Debtor"), by counsel, hereby submits this Application to Employ Hirschler Fleischer ("HF") as its bankruptcy counsel in this case (the "Application") and, in support thereof, respectfully states as follows:

### Jurisdiction

1.   This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.   The relief sought in this Application is based upon section 327(a) of title 11 of the United States Code ("Bankruptcy Code").

### Background

3.   On September 13, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby initiating this chapter 11 case (the "Chapter 11 Case").  The Debtor continues to operate its business as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner and no official committee of creditors has been appointed in the Chapter 11 Case.

4. The Debtor owns a 76-unit apartment project consisting of two four-story multi-family apartment buildings and commonly known as the East and West Panorama Courts Apartments (the "Property") located at 315-325 Franklin Street, N.E., Washington D.C.

5. The Property is encumbered by a first-priority deed of trust and an assignment of rents, securing a purchase-money loan (the "Initial Loan") from Centerline Mortgage Capital, Inc. ("Centerline") to the Debtor in the original principal amount of $4,227,000. The Property is also encumbered by a second priority deed of trust, securing a second loan (the "Second Loan") from Centerline to the Debtor in the original principal amount of $1,200,000. Both the Initial Loan and the Second Loan were assigned to Federal National Mortgage Association. The amount currently outstanding under both loans is approximately $5,700,000.

**Retention of HF**

6. The Debtor seeks to employ the law firm of HF as its bankruptcy counsel in this case, and accordingly requests entry of an order under section 327(a) of the Bankruptcy Code authorizing its employment of HF, *nunc pro tunc,* to the Petition Date, to perform the legal services that the Debtor will require during this case.

7. Section 327(a) of the Bankruptcy Code authorizes the trustee, with court approval, to employ attorneys and other professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." Section 1107(a) of the Bankruptcy Code states that "a debtor in possession shall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter." Finally, section 328(a) of the Bankruptcy Code permits the employment of a professional "on any reasonable terms and conditions of employment, including on a retainer [or] on an hourly basis…."

8. The Debtor seeks to retain HF as its bankruptcy counsel because of HF's knowledge and experience in the field of bankruptcy and creditors' rights law. HF's attorneys have represented numerous debtors in chapter 11 reorganization proceedings similar to this case. Moreover, HF attorneys have invested time to become familiar with the Debtor's business and current financial problems. For these reasons, the Debtor believes that HF is well-qualified to represent it in this case.

9. The employment of bankruptcy counsel is appropriate and necessary to enable the Debtor to execute its duties as debtor and debtor-in-possession and to implement its restructuring and reorganization. Subject to Court approval, the professional services that HF will render to the Debtor may include, but shall not be limited to, the following:

   (a) advising the Debtor with respect to its powers and duties as a debtor-in-possession in the continued operation of its business;

   (b) attending meetings and negotiating with representatives of creditors and other parties-in-interest;

   (c) taking necessary actions to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, and objecting to claims filed against the Debtor's estate;

   (d) assisting the Debtor in connection with preparing necessary motions, answers, applications, orders, reports, or other legal papers necessary to the administration of the estate, and appearing in Court on behalf of the Debtor in proceedings related thereto;

   (e) assisting the Debtor in the preparation of a chapter 11 plan and disclosure statement, and in any other matters and proceedings in connection therewith, including attending court hearings;

   (f) representing the Debtor in matters which may arise in connection with its business operations, financial and legal affairs, dealings with creditors and other parties-in-interest, sales, and other transactional matters, litigation matters and in any other matters which may arise during this case; and

   (g) performing all other necessary legal services in connection with the prosecution of this case.

Case 17-00512   Doc 5   Filed 09/13/17   Entered 09/13/17 17:05:21   Desc Main

10. To the best of the Debtor's knowledge, and except as set forth in the verified statement of Stephen E. Leach, attached hereto as Exhibit A (the "Leach Declaration"), HF has no connections with, or interests adverse to, the Debtor, its creditors, or any other party in interest, or their respective attorneys or accountants, the United States Trustee or any person employed in the office of the United States Trustee, in any matter relating to the Debtor or its estate.

11. As reflected in the Leach Declaration, the Debtor believes HF to be a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

12. The Debtor, subject to the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the local rules of this Court (the "Local Bankruptcy Rules"), proposes to pay HF its customary hourly rates for services rendered, as those rates may be adjusted from time to time, and to reimburse HF for its reasonable, necessary out-of-pocket expenses.

13. The Debtor acknowledges and understands that HF intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for services performed and expenses incurred subsequent to the filing of this case.

**Waiver of Memorandum of Law**

14. The Debtor respectfully requests that this Court treat this Application as a written memorandum of points and authorities in accordance with Local Bankruptcy Rule 9013-1(b)(2).

**Notice**

15. No trustee, examiner or creditors' committee has been appointed in this Chapter 11 Case. The Debtor is serving notice of this Application on the following parties and their counsel, if

known: (a) the Office of the U.S. Trustee, (b) the Securities and Exchange Commission, (c) the Debtor's secured creditors, (d) all trade creditors on the creditor matrix, (e) all taxing authorities, and (f) all parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (i) authorizing it to employ HF as its bankruptcy counsel and (ii) granting it such other and further relief to which it may show itself to be entitled.

Dated: September 13, 2017              Respectfully submitted,

*/s/ Kristen E. Burgers*
Stephen E. Leach (D.C. Bar No. 925735)
Kristen E. Burgers (D.C. Bar No. 500674)
HIRSCHLER FLEISCHER
8270 Greensboro Drive, Suite 700
Tysons, Virginia  22102
Telephone:    (703) 584-8900
Telecopier:   (703) 584-8901
Email:        sleach@hf-law.com
              kburgers@hf-law.com

*Proposed Counsel to the Debtor*

9073244-1  042789.00001