UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **In re:** | ) ) ) ) ) ) ) ) | 

Case No. 17-00512-SMT

**315 FRANKLIN LLC,**

Chapter 11

    **Debtor and Debtor in Possession**.

**SUPPLEMENTAL OBJECTION TO DEBTOR'S MOTION
FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION**

Federal National Mortgage Association ("*Fannie Mae*"), a creditor and interested party in this bankruptcy case, hereby files this Supplemental Objection to the Debtor's Motion for Interim and Final Orders Authorizing Use of Cash Collateral and Granting Adequate Protection (the "*Cash Collateral Motion*"). This Supplemental Objection supplements the Limited Objection filed by Fannie Mae on September 29, 2017 at Docket No. 32.

**Preliminary Statement**

The Debtor filed the Cash Collateral Motion on September 25, 2017. In its Preliminary Objection, Fannie Mae raised various issues related to the Cash Collateral Motion, including concerns regarding the condition of the East & West Panorama Court Apartments (the "*Property*") which serve as collateral for two loans held by Fannie Mae. At an evidentiary hearing on October 2, 2017, the Court authorized the Debtor to use Fannie Mae's cash collateral on an interim basis, subject to certain terms and conditions. This ruling is reflected in the Order Authorizing Debtor's Interim Use of Cash Collateral and Granting Adequate Protection (Dkt. No. 55) (the "*Interim Cash Collateral Order*") dated October 2017. A final hearing has been scheduled for November 8, 2017.

On October 27, 2017, the Debtor filed a Motion for Order Approving Sale of Debtor's Real Property Free and Clear of Liens and Interests (Dkt. No. 62) (the "***Section 363 Sale Motion***").  The deadline for objections to the Section 363 Sale Motion is November 17, 2017.

As discussed below, Fannie Mae does not object to the use of its cash collateral under the same basic terms as are contained in the Interim Cash Collateral Order, with one important caveat.  Fannie Mae has obtained a third party property inspection that identifies significant Life Safety Items and Critical Repair Items at the Property.  Fannie Mae submits that the Debtor's authorization to continue to use cash collateral should be conditioned on these repairs being done on a strict timeline to protect the tenants.

## Argument

On October 11, 2017, Jeff Roden, a certified property inspector (the "***Property Inspector***") from f3, Inc. Real Property Consultants ("***f3, Inc***.") conducted an on-site inspection at the Property.  f3, Inc. subsequently prepared a Property Condition Assessment (the "***PCA***"), a copy of which is attached hereto as Exhibit A.

In the PCA, f3, Inc. concludes that "the Property is in inferior condition, and is substandard when compared to properties of similar age and construction type."  Ex. A, p. 5. Among other things, the PCA describes the following Life Safety Items and Critical Repair Items:

- Neither of the two buildings have functioning, self-locking entry doors, and that tenants have complained to the maintenance supervisor about "vagrants sleeping in the hallways and stairways and the inability to lock the door." Ex. A, p. 5.

- The brick chimneys "are missing bricks at the top and the mortar joints are deteriorating due to a lack of proper maintenance and timely repairs." Ex. A, p. 10.

- Apartments have antiquated circuit breakers or fuses. Ex. A, p.11.

- The basement wall in the boiler room in Building 325 is cracked and appears to be subsiding.

- Three of the units are "down" (unleasable). Two of these units have been damaged by fire. The inspector was not provided with access to a third down unit.

In addition to these observed deficiencies, there are reports of at least two apartments that have been flooded. Access was not provided to those apartments during the October 11, 2017 inspection.[1] The Debtor has agreed to provide the Property Inspector with access to those apartments on November 7, 2017.

The PCA also contains the following recommendations and cost estimates for remediating the Life Safety and Critical Repair Items:

**Life Safety Items**

| | |
|---|---|
| Repairing brick chimneys | $20,000 |
| Replacing entry door (building 325); installing self-locking mechanisms; installing intercom system (building 315) | $15,000 |
| Replacing antiquated fuse boxes and any damaged circuit breakers | $19,500 |
| **Total Life Safety:** | **$54,500** |

**Critical Repair Items**

| | |
|---|---|
| Structural engineer to inspect foundation for building 325; recommend repairs if needed | $5,000 |
| Repair fire and damage to vacant/down units | $24,500 |
| **Total Critical Repair:** | **$29,500** |

---

[1] The Debtor limited the portions of the Property that f3, Inc. was permitted to inspect. Prior to the inspection, f3, Inc. identified the specific units, including vacant and occupied units, that it would like to inspect. Despite this request, "management was not able to provide access to all vacant or down units as requested." Ex. A, p. 4.

These items threaten the health and safety of the residents at the Property. No resident should be subjected to entry doors that will not lock, and vagrants sleeping in the halls and stairwells. The crumbling chimneys and antiquated fuse boxes both create obvious safety issues.

Fannie Mae recognizes that the Debtor has now filed the Section 363 Sale Motion and asserts that the Property can be sold in a timely manner after it is authorized to do so. In the meantime, however, the current conditions at the Property are not safe for the tenants. Accordingly, the Debtor's continued authority to use Fannie Mae's cash collateral should be conditioned on the following:

(1)    The Debtor should be required to immediately commence work to remediate the Life Safety Items and to complete this work within thirty (30) calendar days;

(2)    The Debtor should be required to complete the Critical Repair Items within six months (180 days) (if the sale of the Property has not closed during that time period);

(3)    The failure to complete the required work for Life Safety Items and Critical Repair Items within these timelines should be a default under the cash collateral order and, if not cured in accordance with the cash collateral order, should trigger relief from the automatic stay for Fannie Mae to enforce its rights and remedies under its loan documents.

WHEREFORE, Fannie Mae respectfully submits that any authorization for the Debtor to continue to use cash collateral should be conditioned as set forth in this Supplemental Objection.

Dated: November 3, 2017                    Respectfully submitted,

                                                                  /s/ J. David Folds
                                        John G. McJunkin, Bar No. 420223
                                        J. David Folds, Bar No. 449791
                                        Baker Donelson Bearman
                                        Caldwell & Berkowitz, PC
                                        901 K Street NW, Suite 901

Washington, D.C. 20001
Tel: (202) 508-3400
Facsimile: (202) 220-2200
jmcjunkin@bakerdonelson.com
dfolds@bakerdonelson.com

Counsel for Fannie Mae

## Certificate of Service

I hereby certify that I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all parties who are registered to receive filings. In addition, I am sending copies by email to the following:

Kristen E. Burgers
kburgers@hf-law.com
Stephen E. Leach
sleach@hf-law.com

Counsel for Mayfair-Hawaii LLC

Bradley D. Jones
Bradley.d.jones@usdoj.gov

Office of United States Trustee

                                          /s/ J. David Folds
                                          J. David Folds
                                          Baker Donelson Bearman
                                          Caldwell & Berkowitz, PC
                                          901 K Street NW, Suite 901
                                          Washington, D.C. 20001
                                          Tel: (202) 508-3400
                                          Facsimile: (202) 220-2200
                                          dfolds@bakerdonelson.com