The document below is hereby signed.

Signed: December 12, 2017



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
315 FRANKLIN, LLC,             )   Case No. 17-00512
                               )   (Chapter 7)
        Debtor.                )

MEMORANDUM DECISION AND ORDER RE MOTION TO SELL

The debtor, as a debtor in possession exercising the powers of a trustee, filed a motion for an order, pursuant to 11 U.S.C. §§ 363(b)(1) and 363(f), Rule 6004 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 6004-1, authorizing the sale to NOVO Development Corporation ("NOVO"), free and clear of liens and interests other than existing tenant leases, of the debtor's real property located at 315-325 Franklin Street, NE, Washington, DC 20011 improved by a 76-unit, multi-family, residential apartment project (the "Property").  At the hearing on the motion, another entity attempted to better NOVO's offer to purchase the Property, but after a bidding war the court determined that NOVO's last bid at $9,325,000 was the superior offer.

I

Although the proposed order regarding the sale provided that "the sale of the Property shall be subject to the existing tenant leases for apartment units at the Property," that can be viewed as meaning that, in contrast to liens, the sale was not free and clear of such leases.  The motion did not include a request under 11 U.S.C. § 365(f)(2) to assume and assign the tenant leases to NOVO.  However, the contract of sale required the debtor (as "Assignor") and NOVO (as "Assignee") to execute an *Assignment and Assumption of Leases and Security Deposits*, and required the debtor to provide at closing of the sale a letter to each tenant notifying the tenant to make payments of rent to an entity to be specified by NOVO.  Moreover, the sale of the Property to NOVO, even without a specific provision for assigning the leases, will make NOVO the owner of the Property with the right, as to future occupancy, to enforce the leases to which the Property will remain subject, and that amounts to a *de facto* assignment.

At the hearing on the motion, certain tenants objected to the sale on the basis that the debtor could not assign the leases without having filed a request under § 365(f)(2).[1]  Section 365(f)(2) is clear and unambiguous in providing that:

---

[1] The tenants also objected that the sale is a sub rosa plan.  However, the sale is at a price that should enable the debtor to pay all claims in full under a liquidating plan.  The court overrules that objection.

2

> The trustee may assign an executory contract or unexpired lease of the debtor only if—
>
> > (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
> >
> > (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease[.]

Without a request to assume and assign, there cannot be an assignment of the leases. *See Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238, 253 (5th Cir. 2006); *Otto Preminger Films Ltd. v. Qintex Entertainment, Inc. (In re Qintex Entertainment, Inc.)*, 950 F.2d 1492, 1495 (9th Cir. 1991) ("the sale of Qintex's assets will not include any contract that is executory unless Qintex first assumes the contract"); *Tech Pharmacy Services, Inc. v. RPD Holdings, LLC (In re Provider Meds, LLC)*, No. 13-30678, 2017 WL 213814, at *13-14 (Bankr. N.D. Tex. Jan. 18, 2017). Accordingly, the leases cannot be assigned unless the debtor assumes and assigns the leases under

§ 365(f)(2).[2]

## II

The debtor, however, requested that the sale be approved with the debtor retaining the right to attempt to cause NOVO to become the assignee of the leases in a manner authorized by the Bankruptcy Code. Once the sale is approved, however, that will effect an assignment, and the sale ought not be approved unless there has been an authorization, in a manner authorized by the Bankruptcy Code, to assign the leases.

The debtor (apparently hoping to avoid making the showings that must be made under 11 U.S.C. §§ 365(b)(1) and 365(f)(2) for assumption and assignment of the leases to be approved) argued that it could reject the leases, with NOVO, as purchaser of the Property, then becoming entitled to enforce any rights that

---

[2] Any assignment should subject the assignee to the future obligations of the debtor under the leases. The *Assignment and Assumption of Leases and Security Deposits* may be inconsistent with that in including the following language:

> Nothing in this Assignment and Assumption of Leases is intended to, or shall be construed to, confer upon or give to any person, firm or corporation other than the parties hereto any right, remedy or claim under or by reason of this instrument. All terms and conditions in this instrument shall be for the sole and exclusive benefit of the parties hereto.

However, an order authorizing assumption and assignment would make clear that NOVO as assignee is subject to the future obligations of the debtor under the leases.

survive rejection under 11 U.S.C. § 365(h).  This amounts to the analogous and "rather novel legal argument" raised in *In re Provider Meds, LLC*, 2017 WL 213814, at *15 (but not resolved in that decision) that "a trustee could sell the bankruptcy estate's residual interest in a rejected (breached) executory contract under section 363 of the Bankruptcy Code . . . ."  I reject the argument for the reasons that follow.

If the leases are rejected, that would bring into play 11 U.S.C. § 365(h)(1), which provides in pertinent part:

> (A) If the trustee rejects an unexpired lease of real property under which the debtor is the lessor and—
>
> > (i) if the rejection by the trustee amounts to such a breach as would entitle the lessee to treat such lease as terminated by virtue of its terms, applicable nonbankruptcy law, or any agreement made by the lessee, then the lessee under such lease may treat such lease as terminated by the rejection; or
>
> > (ii) if the term of such lease has commenced, the lessee may retain its rights under such lease (including rights such as those relating to the amount and timing of payment of rent and other amounts payable by the lessee and any right of use, possession, quiet enjoyment, subletting, assignment, or hypothecation) that are in or appurtenant to the real property for the balance of the term of such lease and for any renewal or extension of such rights to the extent that such rights are enforceable under applicable nonbankruptcy law.
>
> (B) If the lessee retains its rights under subparagraph (A)(ii), the lessee may offset against the rent reserved under such lease for the balance of the term after the date of the rejection of such lease and for the term of any renewal or extension of such lease, the value of any damage caused by the nonperformance after the date of such rejection, of any obligation of

> the debtor under such lease, but the lessee shall not have any other right against the estate or the debtor on account of any damage occurring after such date caused by such nonperformance.

This provision seems to be concerned with a debtor, as lessor, who continues to operate a property subject to an unexpired lease for which the obligations in the future to perform services to the tenant is going to be so expensive that the lease is burdensome to the estate, and the debtor decides to reject the lease to protect the estate from those future obligations (except as a setoff against rent owed).  In stark contrast to § 365(f)(2), addressing assumption and assignment, § 365(h)(1) does not address rejection and assignment.

Assumption of a lease carries with it both the benefits and the burdens of the lease.  Section 365(f)(2) requires assumption in order for there to be an assignment of a lease, which evidences an intention and purpose in § 365(f)(2) that, by reason of assumption, all of the burdens of the lease have been assumed, and (except for defaults to be cured by the debtor incident to the assumption) are to be taken over by the assignee of the lease.[3]  Section 365(f)(2) also evidences a purpose of providing

---

[3] If the debtor obtains an order authorizing it to assume and assign the leases, the debtor will have the protection of 11 U.S.C. § 365(k), which provides:

> Assignment by the trustee to an entity of a contract or lease assumed under this section relieves the trustee and the estate from any liability for any breach of such contract or lease occurring after such assignment.

6

to the tenant adequate assurance of future performance by the debtor's assignee of the lease. By reason of § 365(h)(1), rejection by a debtor-lessor of a lease does not entail subjecting the estate to all of the burdens of the lease.[4]  Nor would rejection and assignment entail providing to the tenant adequate assurance of future performance by the debtor's assignee of the lease. Allowing a debtor to first reject a lease, with the burdens under the lease being lessened under § 365(h)(1), and then transfer the property subject to the lease in that altered status is inconsistent with the apparent purposes of § 365(f)(2).[5]

---

[4]  By reason of 28 U.S.C. § 959, the assignee of a residential lease in the District of Columbia may be fully liable for a failure to provide services required under District of Columbia law to the tenant under the residential lease. So there might not be much of a practical difference, in many instances, between the assignee's obligations under assignment of an assumed lease to a residential tenant versus under an assignment of a rejected lease to a residential tenant (if assignment could be accomplished without assumption). However, there could be instances in which there could be a difference, and those instances weigh in favor of interpreting § 365(f)(2) as the only way a property can be transferred subject to a lease.

[5]  What happens if a debtor in possession rejects a lease and later determines that it can sell the property at an attractive price? Fed. R. Civ. P. 60(b)(6) (made applicable by Fed. R. Bankr. P. 9024) might permit the debtor in possession to move to have the rejection order vacated so that the debtor in possession can move to assume and assign the lease incident to the sale. Even if that were not possible, and a rejected lease could not be assumed, that difficulty would flow from the statute as written, and the court could not disregard the clear command of 11 U.S.C. § 365(f)(2) regarding the exclusive manner in which an unexpired lease may be assigned.

III

Both NOVO and the competing bidder were willing to purchase the Property pursuant to the terms of the sales contract.[6] However, because approval of the sales contract would approve the assignment of the leases, the sale's approval ought to be conditioned on the debtor's first obtaining an order authorizing the assignment of the leases.  Unless the court enters an order under § 365(f)(2) authorizing the assignment, the debtor has no authority to assign the leases and the sale cannot go forward.  I will approve the sale on the condition that the debtor first obtain an order under 11 U.S.C. § 365(f)(2) authorizing the assumption and assignment of the leases.  The debtor should move promptly to assume and assign the leases incident to the sale: effecting the conditionally approved sale by obtaining such an order ought not be suspended in limbo indefinitely.  The court will attempt to hear and decide any such motion on an expedited basis.

IV

In light of the foregoing, it is

ORDERED that the sale will be approved, but the approval is

---

[6] The sales contract included a provision at §§ 11.1 through 11.4 dealing with compliance with the Tenant Opportunity to Purchase Act (D.C. Code § 12-3404.02 *et seq.*) ("TOPA") However, TOPA does not apply to sales in a bankruptcy case.  TOPA expressly provides that a bankruptcy sale does not constitute a "sale" under TOPA.  D.C. Code § 42-3404.2(c)(2)(E).

conditioned on the debtor's obtaining authorization to assume and assign the tenant leases, and any motion to assume and assign the leases must be filed within 14 days after entry of the order conditionally approving the sale, with any omnibus motion to assume to comply with Fed. R. Bankr. P. 6006(f).

[Signed and dated above.]

Copies to: E-recipients of orders;

David Lynn, Esq.
15245 Shady Grove Rd.
Suite 465 North
Rockville, MD 20850