The order below is hereby signed.

Signed: January 12 2018



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| 315 FRANKLIN, LLC, | ) | Case No. 17-00512-SMT |
| | ) | |
| Debtor in possession. | ) | (Chapter 11) |
| | ) | |

**ORDER (I) AUTHORIZING THE DEBTOR TO ASSUME AND ASSIGN
CERTAIN UNEXPIRED LEASES OF RESIDENTIAL REAL PROPERTY
PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE, AND
(II) FIXING CURE AMOUNTS WITH RESPECT THERETO**

This matter having come before the Court on January 4, 2018, for hearing (the "Hearing") upon (a) the "Debtor's First Omnibus Motion for Entry of an Order (I) Authorizing the Debtor to Assume and Assign Unexpired Leases of Residential Real Property, and (II) Addressing Cure Amounts with Respect Thereto, or, (III) in the Alternative, Authorizing the Debtor to Reject the Leases and Convey the Real Property Subject to the Rejected Leases" (the "Motion"), filed by 315 Franklin, LLC (the "Debtor") [Docket No. 102]; (b) the limited objection to the Motion filed by certain individual tenants [Docket No. 111]; (c) the objection to the Motion filed by the District of Columbia [Docket No. 112]; and (d) the statement of no objection to the Motion filed by the Acting United States Trustee for Region Four [Docket No. 114]; and the Court having reviewed the Motion and the objections and responses thereto, and

considered the evidence adduced with respect to the Motion and the arguments of counsel at the Hearing; and the Court having previously entered an Order (the "Sale Order") [Docket No. 96], approving the Debtor's sale of its real property (the "Property") to NOVO Development Corporation ("NOVO") conditioned upon the Debtor obtaining the Court's approval of the Debtor's assumption and assignment to NOVO of the residential apartment leases (the "Leases") relating to the Property; and the Court finding that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances and no other or further notice need be given; and after due deliberation the Court having determined that the relief requested in the Motion and provided for herein is in the best interest of the Debtor, its estate, its creditors, and the tenants under the Leases; and good and sufficient cause having been shown

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtor is the lessor under the Leases, and has the right subject to Court approval to assume and assign the Leases under section 365 of the Bankruptcy Code, notwithstanding that certain of the Leases identify the lessor or landlord as a management company, prior owner, or other third-party relating to the Property.

3. The Debtor has established that assumption of the Leases is a sound exercise of its business judgment and in the best interest of its estate, creditors, tenants under the Leases, and other parties in interest. Accordingly, pursuant to sections 365(a) and (b) of the Bankruptcy Code, the Debtor is authorized and directed to assume the Leases[1] identified on Exhibit 1

---

[1] Capitalized terms used but not defined herein shall have the meaning given to such term in the Motion.

2

attached to this Order as of the closing (the "Closing") on the Debtor's sale of the Property to NOVO pursuant to the Sale Order.

4.  The Cure Amounts under the Leases shall be as set forth on Exhibit 1 to the Motion, provided, however, because the bar date for filing proofs of claim has not expired and no bar date has been set for administrative claims, this Order, to the extent it determines that no Cure Amounts are owed for purposes of deciding whether the Leases may be assumed and assigned, does not preclude the assertion against the Debtor and the estate of tenant claims under the Leases arising before assignment of the Leases, including both tenant claims asserted under previously filed proofs of claim in this case and any tenant claims hereafter asserted through timely filed proofs of claim.

5.  NOVO has provided the Court with adequate assurance of its future performance under the Leases.  Accordingly, pursuant to section 365(f) of the Bankruptcy Code, the Debtor is authorized and directed to assign the Leases to NOVO at Closing on the sale of the Property to NOVO.

6.  The Debtor is authorized and directed to earmark Three Hundred Thousand Dollars ($300,000) (the "Abatement Fund") of the proceeds of the sale of the Property to pay for the cost of promptly curing and abating all District of Columbia housing code and fire code violations existing at the Property as of entry of this Order (the "Code Violations").  The Abatement Fund shall be held by the Debtor in its debtor in possession operating account.

7.  The Debtor may select a management company to manage the operation of the Property in the ordinary course of its business and financial affairs without prior Court approval. Nonetheless, pursuant to the representations made to the Court at the Hearing by the Debtor and NOVO, those parties will promptly enter into an agreement for NOVO to commence

management of the Property and, in particular, to commence as soon as commercially practicable the abatement and cure of the Code Violations.  The management agreement between the Debtor and NOVO may be oral or written, but if the agreement is reduced to writing, the Debtor will promptly provide copies of the agreement to all parties who appeared at the Hearing or filed a response to the Motion.

8.   Under the management agreement referred to above, NOVO shall manage the Property prior to the Closing for the consideration of Ten Dollars ($10.00), but shall be entitled to reimbursement from the Abatement Fund of all commercially reasonable expenditures necessary to abate the Code Violations.  All other costs and expenses of owning and operating the Property prior to Closing shall remain the responsibility of the Debtor.

9.   NOVO shall continue to abate the Code Violations after the Closing in a commercially expeditious fashion.  The Debtor shall promptly reimburse NOVO for such abatement costs upon presentation of reasonable documentation showing NOVO's expenditures, up to the full amount of the Abatement Fund.  NOVO shall be responsible for the cost of abating Code Violations to the extent the aggregate pre- and post-Closing cost of such abatement exceeds the amount the Abatement Fund.  To the extent the cost of abating the Code Violations is less than the amount of the Abatement Fund, the remaining balance of the Abatement Fund shall be maintained in the Debtor's debtor in possession operating account and available for payment of allowed administrative expenses, distributions to creditors, and other uses authorized under the Bankruptcy Code.

10.   The Debtor is authorized to execute such documents or other instruments as may be necessary to assume the Leases and assign them to NOVO.

11. Any and all rights, claims, and defenses of the Debtor with respect to the Leases are preserved.

12. This Order shall be effective immediately upon entry. No automatic stay of execution, pursuant to Rules 6004(h) or 6006(d) of the Federal Rules of Bankruptcy Procedure, applies with respect to this Order.

13. The Court shall retain jurisdiction to hear and determine any matters arising from the implementation of this Order.

**END OF ORDER**

Copies to:

Stephen E. Leach
Kristen E. Burgers
HIRSCHLER FLEISCHER
8270 Greensboro Drive, Suite 700
Tysons, Virginia 22102

Joseph A. Guzinski
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, Virginia 22314

J. David Folds
BAKER DONELSON BEARMAN
CALWELL & BERKOWITZ, PC
901 K Street NW, Suite 901
Washington, DC 20001

Lindsay A. Thompson
FRIEDLANDER MISLER PLLC
5335 Wisconsin Avenue NW, Suite 600
Washington DC 20015

Jeffrey M. Sherman
LAW OFFICES OF JEFFREY M. SHERMAN
1600 North Oak Street, Unit 1826
Arlington, VA 22209

9374472.2  042789.00001